UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW CORPUS,

                    Plaintiff,

vs.                          Case No.  2:11-cv-235-FtM-99SPC

DAVID WILKINS, Secretary Department
of Children and Families, TIMOTHY J.
BUDZ, GEORGE EMANOILIDIS, and BRIAN
L. MASONY,

                    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's *pro se* amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (Doc. #1, Amended Complaint).  Plaintiff, who is involuntarily civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Act, §394.910-394.931, Fla. Stat., brings this action against Defendants David Wilkins, the Secretary, Florida Department of Children and Families; Timothy J. Budz, Facility Administrator of the FCCC; George Emanoilidis, Clinical Director of the FCCC; and Brian L. Masony, Attorney for the FCCC. Amended Complaint at 3.  The Amended Complaint generally alleges violations of "42 U.S.C. §§ 1983, 1985, 1986, 1988 and First, 4th, 8th, 13th, and 14th Amendments of the United States Constitution." Id. at 4.  In support, the Complaint alleges that, on February 8, 2011, Plaintiff "got into an argument with another resident because

Major Beloff came over here and told everybody that whoever does not help to clean up the dorm will be locked up behind the door. Dr. Emanoilidis put a memo to this effect [sic]." Id. at 5.  To the extent discernable, it appears that Plaintiff was placed in some form of confinement.  The Court liberally construes the Amended Complaint as alleging that while in confinement Plaintiff was "without sunshine and without exercise." Id.  As relief, Plaintiff seeks "judgment and damages" to "compensate him for the pain and mental anguish suffered by him." Id. at 7.

Plaintiff seeks to proceed in this action *in forma pauperis*. See Affidavit of Indigence (Doc. #8).  Despite Plaintiff's non-prisoner status, before the Court grants Plaintiff *in forma pauperis* status and directs the U.S. Marshal to serve his Complaint on Defendants, the Court is required to review Plaintiff's Complaint to determine whether the Complaint is frivolous, malicious or fails to state a claim.[1]   See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the

---

[1]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff due to his status as a civil detainee.  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002).  The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not err by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B).  Id. at 1260.  Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.  See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

proceedings.  The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.  The standards that apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(e)(2)(B)(ii).  Thus, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action" to constitute a

-3-

short and plain statement of the claim under Federal Rule of Civil Procedure 8(a)(2). Twombly, 550 U.S. at 555. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The Court finds the Amended Complaint fails to allege any factual contentions tying any of the Defendants to the alleged unconstitutional conditions of his confinement. Without some factual nexus between the alleged improper conditions and each Defendant, there is nothing from which to infer the state-of-mind element of an Eighth Amendment claim. More specifically, without any contention that the Defendants knew about and disregarded a substantially serious risk posed by Plaintiff's confinement, Plaintiff has failed to satisfy the "deliberate indifference" element of an Eighth Amendment claim. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991) (holding that an inmate who claims that his living conditions amount to cruel and unusual punishment must establish that defendants possessed the requisite mental state). Here, the Amended Complaint only makes conclusory allegations against the named Defendants. See Id. at 6 (alleging "intentional misconduct in conspiratorial action" among the Defendants "to deprive Plaintiff of his federal rights" and Defendants "failed to intervene with deliberate indifference or reckless disregard for Plaintiff'[s] constitutional rights."). Such vague and generic

-4-

pleading is insufficient to give Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 552 U.S. 308, 319 (2007).

Further, the Amended Complaint does not contain any factual allegations surrounding Plaintiff's placement in confinement, assuming Plaintiff was placed in confinement. See generally Amended Complaint. For instance, in addition to not identifying why Plaintiff was placed in confinement or who was responsible for Plaintiff's placement in confinement, the Amended Complaint does not allege how long Plaintiff remained in confinement. Id. As a civilly confined individual, Plaintiff can advance a liberty interest concerning a condition of confinement only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485. In Sandin, thirty days of solitary confinement as compared to the other forms of administrative segregation or "lockdown time" for general population inmates—did not work a major disruption in [the inmate's] environment." Id. at 486.

Additionally, the length of time that an inmate is subjected to certain conditions of confinement is also relevant in

determining whether the confinement satisfies other constitutional standards.  See Bell v. Wolfish, 441 U.S. 520, 543 (1979)(stating "[o]ur conclusion [that double-bunking is constitutionally permissible] is further buttressed by the detainees' length of stay . . . . Nearly all of the detainees are released within sixty days."); Hutto v. Finney, 437 U.S. 678, 686-87 (1978)(opining that "[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").  Thus, Plaintiff has failed to allege "extreme deprivations [which] are required to make out a conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Consequently, the Court will dismiss the Amended Complaint for failing to state a claim upon which relief can be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Amended Complaint (Doc. #14) is **DISMISSED** without prejudice.

2.    The Clerk of Court shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Orlando, Florida, on this ___ day of March, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-6-